Dugas vs. Town of Donaldsonville.

---

No. 7770.

WIDOW VILÉOR DUGAS vs. THE TOWN OF DONALDSONVILLE.

It was a sufficient consideration for the bonds sued upon, that they were issued in settlement by compromise, of outstanding claims against the municipal corporation, which had enured to the latter's benefit, and which were believed by the municipal authorities and the creditors to be valid and exigible.

The legality of those original claims cannot be examined in an action on the bonds issued in execution of such compromise.

Nullity of the title, in execution of which a compromise was made, can only be invoked, as a cause of rescission, when the title was falsely supposed to be valid, through error of fact, not through error of law.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Duffel*, J.

*R. N. Sims* for Plaintiff and Appellee.

*Nicholls & Pugh* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. This suit is brought upon bonds of the Town of Donaldsonville of the same character, tenor and series as those involved in

Dugas vs. Town of Donaldsonville.

the case of Justilien Oubre vs. the same defendant, just decided. That decision disposes of all the points involved in this case except the defense of want of consideration for the bonds sued on.

In the Oubre case the plaintiff was shown to be a third holder, for value, and by transfer before maturity of the negotiable bonds sued on; and we held that, as to such holder, the corporation could only maintain defenses affecting the power of the corporate authorities to execute the bonds, and could not plead equities affecting the consideration thereof.

In the present case it is not alleged or proved, that the plaintiff is such third holder, and the record, though not very clear on the point, leaves us to infer that she holds the bonds by inheritance from, or in representation of the original holder, Rosemond Braud, to whom the bonds were directly issued by the town. As to such original holder and as to his successors or legal representatives, the town cannot be denied the right of setting up defenses of want of consideration.

The defense here is that the bonds sued on were without consideration, because issued in renewal or settlement of pre-existing bonds or evidences of debt which were illegal, null and void because issued by the Mayor without authority from the Board of Selectmen of the town, and because, at the time of issuance of the same, no provision was made for the payment of the principal and interest thereof, as required by law.

This case cannot be treated as if it were a suit upon the pre-existing bonds themselves, and the authorities quoted as maintaining defenses of the kind stated when opposed to such direct suits, are not applicable in the present case.

The powers conferred on the Mayor and Selectmen of Donaldsonville by the Act No. 69 of 1861 are unusually broad and sweeping in their character. By that act they were authorized " to issue bonds of said town, for such sums, not exceeding $25,000, as in their judgment may be required for the interest of said town." Of course, this cannot be construed as authorizing these officers to perpetrate wilful frauds upon the town or to give away its bonds without pretense or belief of consideration enuring to its benefit or interest. But it did certainly authorize them to exercise their judgment, in good faith, in determining what was for the interest of the town, and, for such purposes, to issue bonds.

This record informs us that, at the time when the bonds sued on were issued, there were outstanding matured claims against the corporation to a large amount, undoubtedly founded on original consideration which had enured to its benefit, and believed by the holders and the corporate authorities to be valid and exigible, the holders of which were threatening to sue on them, and the immediate enforcement of which would have imposed an enormous immediate burden on the taxpayers. Under these circumstances, we have no reason to doubt that the corporate officials

exercised their honest judgment in determining that it would be for the interest of the town to close up these outstanding claims by a compromise or transaction with the holders, under which the latter would accept, in settlement thereof, new consolidated bonds maturing at ten years from date, and under which the corporation would be relieved from the danger of immediate and intolerable taxation.

This settlement presented all the features of a compromise or transaction between the town and the claim-holders, who "for preventing a law-suit, adjusted their differences by mutual consent, in the manner which they agreed on, and which every one of them preferred to the hope of gaining, balanced by the danger of losing." Rev. C. C. 3071.

We think that such a compromise, however unfortunate it may turn out to be, entered into in good faith, in the exercise of an honest judgment that it was for the interest of the town, was within the legitimate scope of the powers conferred by the Act 69 of 1861.

The compromise, thus validly entered into, operates a waiver of objections to the claims settled thereunder, which cannot be revived in an action to enforce the compromise itself.

Bach vs. Slidell, 1 A. 375.

Nullity of the title, in execution of which the compromise was made, under Art. 3080, Rev. C. C., can only be invoked as a cause of rescission, when, in the compromise, the title was falsely supposed to be valid through error of fact. When the mistake as to its validity results only from error of law, the article is not applicable.

Davis vs. Robinson, 11 A. 752.

So held in France, under Article 2054 C. N.; identical with ours.

Sirey, vol. 7, part 1st, p. 199, 25 March, 1807.

Sirey, vol. 14, part 1st, p. 85, 3 December, 1813.

18 Dur. p. 428; 2 Solon, Nullités, Nos. 402, 403.

If there was any error on the part of the corporate officials as to the validity of the titles representing the claims settled, it was error of law only. The archives or records of the town informed them of all the facts and circumstances attending the issuance of the pre-existing bonds, and it is not proved, or even pretended, that they were ignorant thereof. We think, therefore, the surrender and cancellation of the old titles and the delay granted formed a sufficient consideration for the compromise and for the new bonds issued thereunder.

As heretofore stated, all the other questions involved in this case find their solution in the opinion rendered in the case of Oubre vs. the same defendant.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and proceeding to render such judgment as should have been rendered by the lower court,

it is now ordered, adjudged and decreed: that the following be recognized and declared to be the amount remaining unpaid upon the bonds held by plaintiff and sued on in this case, viz: the sum of $1400, with five per cent interest *per annum* on $80 from April 1st 1872; on $80 from April 1st, 1873; on $80 from April 1st, 1874; on $80 from April 1st, 1875; on $80 from April 1st, 1876, and with eight per cent *per annum* interest on $1000 from April 1st, 1876; that she be recognized and declared to be a creditor of defendant for her ratable share of six thousand dollars remaining unpaid out of the provision made for the redemption of the principal and interest of the bonds issued under the resolution of the Mayor and Board of Selectmen of the defendant, dated March 20th, 1866, said ratable share to be the proportion of said $6000, which the amount remaining unpaid on her hands as above settled shall bear to the amount remaining unpaid on all the bonds issued in pursuance of said resolution; and that the defendant be condemned to pay the amount of said ratable share.

It is further ordered, that the tax collector proceed forthwith to collect the special tax of one thousand dollars, levied by ordinance of March 20, 1866, on the assessment rolls of 1871, 1872, 1873, 1874, 1875 and 1876, and to turn the same over to the treasurer or proper authorities of the Town of Donaldsonville, to be applied to the satisfaction of the debt due plaintiff, according to the principles stated in this decree, and subject to the orders of the court *a qua* in execution thereof.

And that the costs of this appeal be paid by plaintiff and appellee, and those of the lower court by defendant.