(63 South. 858.)

No. 19,947.

Succession of SCULLIN.

(Dec. 15, 1913.)

*(Syllabus by Editorial Staff.)*

PRINCIPAL AND SURETY (§ 33*)—CONTRACT—CONSIDERATION.

Where several persons gave their several notes to a bank as collateral for a debt without any other consideration than the debt, which was past due, and later, when the bank pressed for payment of the debt, made a compromise with the bank by which the notes were returned to the makers who entered in solido into a suretyship, the suretyship was supported by a sufficient consideration.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 54; Dec. Dig. § 33.*]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

In the matter of the succession of Thomas F. Scullin, deceased, in which the Cosmopolitan Bank & Trust Company filed an opposition to the final account of the executor. From a judgment granting relief, the party aggrieved appeals. Affirmed.

Joseph F. Walton and Mark M. Boatner, both of New Orleans, for various appellants. Legier & Gleason, of New Orleans, for appellee.

PROVOSTY, J. The Cosmopolitan Bank & Trust Company has filed an opposition to the final account of the executor, asking to be placed on same as a creditor for a debt for which the de cujus was surety.

The defense is that said suretyship was without consideration, a nudum pactum, null and void, because it never had any other consideration than this debt itself, which could not serve as such, because it was already due at the time the connection of the de cujus with it began, and no extension of time was ever granted upon it, and no forbearance to sue upon it ever agreed to.

The facts are that the de cujus and others executed their several notes and delivered same to the bank in pledge as collateral security for this debt, without any other consideration than this debt itself, which has already due to the bank; and that later, when the bank pressed for payment of this secured debt and threatened suit upon it, a compromise was entered into by the bank and the makers of these pledged notes, under the terms of which the notes were returned to their makers, who, in lieu thereof, entered in solido into this suretyship.

A compromise has, between the parties to it, the force and effect of the thing adjudged (C. C. art. 3078), or, in other words, closes the door to all inquiry into the merits or demerits of the matters compromised; hence it is in itself, and irrespective altogether of the matters compromised, a sufficient consideration for the agreement embodied in it. Dugas v. Town of Donaldsonville, 33 La. Ann. 668, and Maurin v. Town of Donaldsonville, Id. 671.

Judgment affirmed.