(113 So. 150)

No. 28412.

## BOARD OF COM'RS OF ORLEANS LEVEE DIST. v. BLYTHE.

April 25, 1927. Rehearing Denied May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Compromise and settlement** ⊜⇒17(1)—Compromise by levee board with owner for value of property taken in excess of assessed value cannot be later attacked for error of law (Rev. Civ. Code, art. 3078; Act No. 93 of 1890, § 3).

Under Rev. Civ. Code, art. 3078, and Act No. 93 of 1890, § 3, compromise by board of commissioners of levee district with property owner as to value of property taken cannot be attacked on account of board's error of law, and it is immaterial as far as validity of such compromise is concerned whether board should have been governed by Const. art. 16, § 6, claimed to limit payment therefor to assessed value of property or section 7.

2. **Levees and flood control** ⊜⇒11—Orleans levee board has power to sue and be sued (Act No. 93 of 1890, § 3).

Under Act No. 93 of 1890, § 3, Orleans levee board is vested with power to sue and be sued.

3. **Municipal corporations** ⊜⇒1010—Municipal or other public corporation may compromise disputed claims before or after suit has been begun thereon.

Municipal or other public corporation may settle and compromise disputed claims in its favor or against it before or after suit has been begun thereon; such power being implied from capacity to sue and be sued.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by the Board of Commissioners of Orleans Levee District against Joseph A. Blythe to recover part of purchase price paid for land taken. From a judgment rejecting and dismissing plaintiff's demand and suit, plaintiff appeals. Affirmed.

Benjamin T. Waldo, General Counsel of Board of Levee Commissioners of Orleans to Levee District and Eberhard P. Deutsch,

163 LA.—30

both of New Orleans, Asst. General Counsel, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee.

LAND, J. On August 5, 1924, the board of commissioners of the Orleans levee district purchased from the defendant and others certain lots and squares, with improvements on some of them, in the Orleans plantation or subdivision in the Fifth district, right bank of the Mississippi river, in the parish of Orleans.

The area of the property acquired, less streets dedicated and a public road, contained 13.88 acres, and was purchased by the levee board from defendant and others for a consideration of $29,490.

The board of commissioners, through experts appointed by it, placed this valuation on the property, and paid to defendant $16,415 as his share of the purchase price. This property had been actually used or destroyed by said board for levees and levee drainage purposes.

The present suit was filed by the levee board September 24, 1926, to recover $15,115 of the purchase price paid to defendant, on the ground that, under section 6 of article 16 of the Constitution of 1921, the plaintiff was not entitled lawfully to pay, as compensation for the taking of this property, any larger sum than $1,300, the alleged assessed value of said property during the preceding year of 1923.

The levee board alleges that the payment of said sum to defendant was made through error, induced by incorrect information contained in the certificate of the deputy commissioner of finance of the city of New Orleans and the collector of city taxes, in that said certificate falsely represented the tract, of which the property purchased was a part, as assessed as a whole for the sum of $52,650, whereas each lot in said tract was ac-

tually assessed at the fixed amount of $20 for the year 1923.

The levee board charges that defendant had knowledge of these facts, and was a party to the deception practiced upon the board, in order to cause it to pay to defendant more than the actual assessed value of the property appropriated.

Defendant avers that the settlement made by the levee board under act of sale of August 5, 1924, was a transaction or compromise; that the levee board was not deceived by the defendant as to the facts concerning the assessment of his property for the year 1923; that the levee board had actual and full knowledge of the facts, as shown by official copies of the assessment rolls on file in the office of the state tax collector for the parish of Orleans; and that said compromise was made in the exercise of honest discretion on the part of the levee board.

Defendant denies that section 6 of article 16 of the Constitution of 1921 is applicable to the board of commissioners of the Orleans levee district, and avers that, under the provisions of section 7 of article 16 of the Constitution, as amended by Act 106 of 1922, said levee board is empowered to pay full value for property taken or appropriated for levee purposes, without regard to the assessed value thereof.

The minutes of the various meetings of the Orleans levee board show that the property involved in this case was not purchased by the levee board until after a thorough discussion and consideration of both the law and the facts of the case, and that the price was paid to defendant as a compromise, in order to avoid a lawsuit for a much larger sum.

As contended here, the attorney for the levee board advised that the commissioners could not pay more than the assessed value of the property of the previous year, while counsel for defendant urged before the board its legal right to pay the full value.

The minutes of the meetings of the levee board and discussions had at the time satisfy us that the board adjusted the matter in good faith, and because of a reasonable doubt as to the proper construction to be placed upon the articles of the Constitution in question.

We find no fraud, and no error of fact in the transaction. The purported assessment of $20 per lot was explained to the levee board by defendant, who stated at the board meeting of June 18, 1924, that originally he owned "the Couret plantation," evidently meaning the Orleans plantation, which was assessed as a whole for the convenience of the assessors, and that at his request, and in order to equalize valuations, the property was assessed on the lot basis of $20 per lot, but that the total blanket assessment amounted to between $50,000 and $60,000.

Defendant attempted no concealment as to the lot assessment, but made known to the levee board the reason for the assessment by lot at the fixed sum of $20. As a matter of fact, this purported assessment of the various lots was made without any distinction as to rear or front lots, or as to whether the lot was vacant or improved. The part of the property appropriated by the levee board was the front, or most valuable portion of the tract.

[1] The compromise in this case cannot be attacked on account of any error in law on the part of the levee board. R. C. C. art. 3078.

It is therefore immaterial, as far as the validity of the compromise is concerned, whether the levee board should have been governed by section 6 or section 7 of article 16 of the present Constitution, in fixing the value of the property paid to defendant.

The price received by defendant was determined by competent experts appointed by the levee board, and is not shown to be excessive, as far as the actual value of the property is concerned.

[2, 3] The Orleans levee board is vested by law with the power to sue and be sued. Act 93 of 1890, § 3. A municipal or other public corporation has the power to settle and compromise disputed claims in its favor or against it before or after suit has been begun thereon. This power is implied from the capacity to sue or to be sued. McQuillin on Municipal Corporations, § 2479; United States ex rel. Louisiana v. Jack, 244 U. S. 397, 37 S. Ct. 605, 61 L. Ed. 1222; Dugas v. Town of Donaldsonville, 33 La. Ann. 668; Prout v. Fire District, 154 Mass. 450, 28 N. E. 679.

Plaintiff board acted, therefore, within the scope of its lawful authority in effecting the compromise in this case, which, as a valid transaction, has, between the interested parties, a force equal to the authority of things adjudged.

In our opinion, the judgment of the lower court, rejecting and dismissing plaintiff's demand and suit, is correct.

Judgment affirmed.