Defendant, who operates a planing mill on Highway No. 80, opposite the Jewella Elementary School, about one mile from the western limits of the City of Shreveport, was ruled by the Court, at the instance of the Caddo Parish School Board, plaintiff herein, to show cause why a preliminary writ of injunction should not issue, temporarily enjoining him from operating said mill: "and that, after all legal delays and due proceedings had, there be judgment herein granting petitioner a permanent writ of injunction, forever enjoining the defendant from operating said planing mill in such a manner as to interfere with the operation of the Jewella Elementary School, Caddo Parish, Louisiana, for its normal purposes of educating the children of Caddo Parish, Louisiana, and from operating the said planing mill in such a manner as to endanger the health, peace and comfort of the pupils and teachers attending and teaching in the said school."
It is alleged by plaintiff that said mill is within 200 feet of said school, but the testimony shows that the school building is over 400 feet from the mill. It is additionally alleged:
"That the loud noises made by the operation of said planing mill makes it impossible for the teachers to properly conduct classes in the said school in that:
"(a) The teachers must constantly force their voices in an effort to be heard by the pupils over the volume of noise from the planing mill;
"(b) Even so, the pupils on the back rows frequently cannot hear the instructions and their attention cannot be held by the teachers;
"(c) The constant noise is a great nerve strain on both the teachers and the pupils, causing exhaustion in the teachers and restlessness and bad discipline amongst the pupils.
"That the smoke, cinders and dust particles that come from the operation of said planing mill and the burning of sawdust and refuse therefrom get into the eyes, noses and throats of the teachers and pupils of said school and not only make it impossible for classes to be conducted in said school, but create a menace to the lives and health of the teachers and pupils of said school. *Page 351 
"That the operation of said planing mill on the premises aforesaid will cause an irreparable injury to your petitioner, and that there is no adequate remedy at law for petitioner in the premises."
The pleader then drew the conclusion and alleged that the operation of the mill "constitutes a nuisance that should be suppressed and abated."
Defendant excepted to the petition as disclosing neither a cause nor a right of action; and also, to plaintiff's capacity to institute and prosecute this action, and to stand in judgment therein.
The exception of no cause of action is leveled against the absence from the petition of allegations of ownership by plaintiff of the Jewella School property, and that the school, being conducted therein, is under the control and administration of the plaintiff. The exception was sustained and plaintiff was ordered to cure the defect by amendment, which, over defendant's objection, was attempted instanter by plaintiff's counsel dictating into the record appropriate amendment to meet the court's ruling. The court accepted the oral amendment as compliance with its order. At this juncture the court minutes contain the following from the defendant's counsel, to-wit: "* * * The amendment was made through suggestion of the Court, and, reserving our rights under the objection to the ruling of the Court and the request of Counsel for Plaintiff, demand that the amendment be made pursuant tolaw and service be made on same."
The request was denied by the court. Following this, defendant's counsel dictated into the record the following, viz.: "With full reservation of rights under the previous objections and exceptions, we now request that the exceptions and answers filed herein apply likewise to the instanta amendment."
The objection was again overruled, the court ruling as follows, to-wit: "It will be so ordered, with the objection overruled."
The exception as to plaintiff's capacity to sue, etc., was overruled. Following these rulings and the mentioned procedure, defendant answered to the merits. The case then went to trial on the merits, and thereafter judgment was rendered in plaintiff's favor, enjoining defendant from operating the planing mill: "in such a manner as to interfere with the operation of said school for its normal purposes of educating children of Caddo Parish, and from operating said planing mill in such a manner as to endanger the health, peace and comfort of the pupils and teachers attending and teaching in said school."
Defendant appealed suspensively. Plaintiff has answered the appeal, praying for material amendments in the judgment.
In this court appellant strenuously urges upon our consideration the merits of the exception of lack of capacity that was overruled; and likewise urges and insists that the court erred to his prejudice in allowing the petition to be orally amended, as was done, over his objection; and in ruling that service of the amendment was not necessary.
[1, 2] The exception to the plaintiff's capacity to institute and prosecute this suit and stand in judgment herein was properly overruled. The school boards of the several parishes are corporate bodies and specifically vested with the power to sue and be sued. Section 17 of Act No. 100 of 1922. This Act and amendments thereto in detail enumerate the powers with which such boards are invested in order that they can effectively conduct and administer public education in the several parishes. Perforce, among these powers are those to acquire with public funds, land, and erect school buildings thereon, indispensable factors in each parish educational system. It is expressly provided in Section 20 of the Act that "they shall have power to recover for any damage that may be done to the property in their charge". Appellant construes this specific grant of power to be a limitation by the statute upon the right of such boards to sue but we are quite clear in the opinion that this position is not well founded.
It would be absurd for the Legislature to create a political corporation, such as a school board, authorize and empower it to acquire property, buildings, etc., with funds derived from taxation, in order to carry out the purposes for which created, and then *Page 352 
withhold from such legal entity the right and power to invoke the aid of the judicial branch of the state government to protect it in the possession of such property, and in its efforts to achieve and attain the important results contemplated in its creation. This right is inherent in such a corporation, and an incident to its existence. McQuillin on Municipal Corporations, Volume 6, Section 2650; Board of Commissioners of Orleans Levee District v. Blythe, 163 La. 929,113 So. 150.
If the exercise of such right should be denied to a parish school board, then it is pertinent to ask: "Who may exercise it?" Appellant has not attempted to point out who, if not plaintiff, has the legal right to provoke a judicial action based on grounds such as are involved herein. Surely no other board or legal entity has such right. If the school board may not so act, then the conduct of a public school could be disturbed by force or lesser order of violence, active or passive, and there would be no redress open to the board to attain relief from such abominable conditions. This is not possible under the laws of this state.
We have to disagree with the lower court's rulings as regards the amendment of the petition after the exception of no cause of action was sustained.
[3] All pleadings in the courts of record of this state are required to be in writing. "A petition is a written document which the plaintiff addresses to a competent judge", etc. Code of Practice, Article No. 171. A copy of the petition in the case with citation must be served upon the defendant. Code of Practice, Article No. 178. A petition, after joinder of issue, with leave of the court, may be amended. Code of Practice, Article No. 419.
Act No. 120 of 1938 provides that after appearance by defendant, through counsel, in any civil action, except garnishment process, service of all process thereafter "including supplemental petitions" may be accepted by or made on the attorney of record until he withdraws from the case. The Pleading and Practice Act, No. 157 of 1912, and amendments thereto § 1, now incorporated in Dart's General Statutes, Volume No. 1, Section 1483, requires that petitions and answers of litigants in civil cases, except in Justice of the Peace courts, shall be verified by the party or his counsel.
[4] The amendment to the petition in this case has to do with the substance of the suit. It does not relate to non-essentials nor to matters of form. Without the petition being amended in the respects mentioned, there was no cause of action disclosed by it. Plaintiff was not in court. This being true, to effectuate the amendment, and imbue the petition with legal vitality, it was indispensable that the amendment be accorded the same dignity as was accorded the original petition; that is, that it be reduced to writing, verified by plaintiff, and served upon defendant or his counsel of record, so that answer thereto could be made if defendant desired to do so. As the record stands, the amendment has not been verified or served upon defendant or his counsel of record. He has not had opportunity to except to the amendment because of lack of verification or for any other cause, and has not had opportunity to answer an amendment in proper legal form. He has been deprived of a substantial right, one which the law, in no uncertain terms, guarantees to him.
Because the present case is a summary action does not alter the situation. We are not presently concerned with delay to which appellant would have been entitled within which to answer the amendment had it been in proper legal form and served upon him. We are concerned with his right to be served with an amendment in the form prescribed by law.
Under Article No. 421 of the Code of Practice, when either party to a civil suit has amended his pleadings, (petition or answer), "the other party has the right of answering the amendment; but it must be done immediately", unless the court for reasons deemed sufficient by it, grants further time to answer. In the case at bar, whether defendant should have answered the amendment immediately after service thereof upon him or have been granted, at *Page 353 
his request, definite delay in which to do so, are questions that to this time have not been legally tendered for the reasons above mentioned.
The Supreme Court in Wolbrette v. New Orleans Drug Company,151 La. 649-658, 92 So. 214, 217, inter alia, considered an oral amendment to a petition of intervention, concerning which, among other statements on the subject, the court said: "In respect to the interveners herein, they are not in such position that their intervention can be considered. They have taken a neutral position, and have expressly declined to pray for the appointment of a receiver, but have left the matter to the court. It is true that they receded from this neutral position at the close of the evidence in chief, but as their amendment was verbal, instead of written, and as it was objected to, when offered, it will be disregarded. * * *"
The Court of Appeal of the First Circuit in Seale v. Stephens, La. App., 24 So.2d 651-654, dealt with an oral pleading. It was rejected. The Supreme Court granted a writ of review in the case and on December 13, 1946, rendered decision thereon which is now final, La.Sup., 29 So.2d 65. The crux of the court's holding as to the verbal amendment is reflected from the following paragraph of the opinion, viz.: "The defendants contend that the remand of the case to permit the plaintiff to amend his petition is, in effect, honoring an oral amendment to a petition which the law does not permit. That is just what the remand avoids. The appellate court remanded the case to enable the plaintiff to properly amend his petition, because it thought the lower court erroneously took into consideration a proposed amendment that had not been filed."
To some extent analogous in principle is the ruling of the court in Brown v. Brown, 21 La. Ann. 461, the syllabus of which reads as follows: "Where there is no answer to an amended petition containing matters of substance, nor default taken, all subsequent proceedings are irregular and will be set aside on appeal, and the cause remanded to be proceeded with according to law."
True it is, this case was an ordinary action wherein an amended petition containing matters of substance was not put at issue. Presumably, service of it had been made. The court annulled the judgment and remanded the case for new trial, etc. In the instant case, a summary action, it would have been unnecessary to the progress of the case whether or not defendant answered the amendment to the petition, had it been in proper form and served on him. But if trial of the cited case without the amended petition being put at issue is an irregularity so serious as to warrant reversal of judgment, and remanding the case for new trial, surely like action in the present case is warranted.
More than two days were consumed in the trial of this case; many witnesses were examined for both sides and the testimony covers nearly 300 pages. We realize that considerable inconvenience and some additional expense will follow from a remand of the case, but we feel impelled to do so. There considerations are not paramount. A very important legal principle is involved. If appellant's contention anent the form and service of the amended petition should be overruled by us, then it is readily foreseeable that in the future grave injustice and downright injury could be visited upon litigants similarly situated. It is difficult to tell exactly how far the court's ruling in this case could be extended.
In addition to all of this, a new trial of the case might hasten final decision of the primary issue involved rather than retard it. We mention, without holding, that if the case should be decided against defendant on the record as presently made up, an action of nullity possibly would be open to him.
For the reasons herein given, the judgment appealed from is annulled, avoided and reversed and this case is now remanded to the lower court for a new trial, and for such other action and proceedings as will be in keeping with the views herein expressed, and according to law.
Plaintiff is cast for costs of appeal; fixing of liability for all other costs will await final judgment in the case. *Page 439