**81 So.2d 820**

**Joseph SHARP et al.**

**v.**

**Lydia Currie SHARP.**

**No. 41954.**

June 30, 1955.

James Sharp, Jr., Monroe, for appellants.

Paul Fink, Monroe, for appellee.

HAWTHORNE, Justice.

Plaintiffs' suit was dismissed on exception of no cause of action, and they have appealed.

■ In their petition plaintiffs allege that they are the brothers and sisters of Alonzo Sharp, who died on September 18, 1953, leaving no ascendants or descendants; that the deceased left community property which is shown to have an inventoried value in excess of $6,000. The defendant in the suit is Lydia Currie Sharp, widow of Alonzo Sharp, and petitioners in this suit seek to have the widow declared unworthy of inheriting and as such deprived of his succession. In their petition they allege that Alonzo Sharp was intentionally shot and killed by his wife pursuant to a plan to kill him which had been in existence for several months.

The exception of no cause of action was argued and submitted, and was sustained by the trial judge on the ground that petitioners had failed to allege that the defendant, the surviving wife, had been convicted of having killed or attempted to kill the deceased.

We think the trial judge was correct in his ruling on the exception. The record shows that the facts surrounding the death of the deceased had been investigated by the grand jury, which returned a "no true bill". Under the provisions of paragraph 1 of Article 966 of the Civil Code, which is the basis of plaintiff's suit, "Persons unworthy of inheriting and, as such, deprived of the

succession to which they are called, are the following:

"1. Those who are *convicted* of having killed, or attempted to kill, the deceased; and in this respect they will not be the less unworthy, though they may have been pardoned after their conviction." (Italics ours.)

When counsel for the defendant offered in open court to read the judgment sustaining the exception for the purpose of having it signed by the judge, plaintiffs sought to amend their petition orally by dictating into the minutes of the court allegations to the effect that the defendant was apprised of the murder of her deceased husband and had not taken measures to bring the murderer to justice, and consequently was unworthy of inheriting. It will be observed that plaintiffs did not seek even by this means to amend the allegations of their original petition to allege that the defendant had been convicted of killing the deceased, and thus bring their petition within the first paragraph of Article 966 of the Civil Code. Instead they sought by this means to state a cause of action under the third paragraph of that article. The trial judge overruled plaintiffs' motion seeking to amend their petition orally, and the judgment sustaining the exception of no cause of action was read and signed in open court. It is this judgment from which the appeal was taken.

■ We think that the district judge was correct also in overruling plaintiffs' motion to amend orally their written petition. The

petition must be in writing and must be verified according to law and served upon defendant or his counsel of record so that defendant may answer if he desires to do so. Code of Practice, arts. 171, 178; R.S. 13:3601. Any amendment to the petition is subject to the same rules. Caddo Parish School Board v. Pyle, La.App., 30 So.2d 349.

█ The oral motion in the instant case had the same legal effect as if it had never been made, and the trial judge was bound to disregard it and was prohibited under the law from even considering it. This left the original petition as written, and, as we have said above, it did not state a cause of action. See Wolbrette v. New Orleans Drug Co., 151 La. 649, 92 So. 214.

As stated in Lemoine v. Lacour, 213 La. 109, 34 So.2d 392, 394, "Under our modern jurisprudence, in the interest of justice, the technical rules of pleading have been greatly relaxed, and a plaintiff now is accorded the privilege of amending his petition so as to state a cause of action if he can and thereby prevent the dismissal of his suit. Drewett v. Carnahan, 186 La. 243, 172 So. 6; Pool v. Pool, La.App., First Circuit, 16 So.2d 132, and Reagor v. First National Life Insurance Co., [212 La. 789], 33 So.2d 521, recently decided by this court". We do not think, however, that the rules of pleading should be relaxed to the extent of permitting a petition to be amended by an oral motion to state a cause of action when the original petition does not do so.

We are aware of the fact that in Seale v. Stephens, 210 La. 1068, 29 So.2d 65, this court affirmed a judgment of the Court of Appeal remanding that case so as to permit plaintiff to amend his petition properly. In remanding that case the Court of Appeal, First Circuit, 24 So.2d 651, pointed out that the lower court in rendering its judgment erred in considering evidence adduced during the trial under an oral amendment which should not have been allowed. Under the facts and circumstances of that case we concluded that the remand was proper. We do not think, however, that the holding in Seale v. Stephens is controlling here, because plaintiffs in the instant suit are seeking by oral amendment to assert a distinct and different cause of action, and this was not true in the Seale case.

The judgment appealed from is affirmed at appellants' costs.