HENRY F. TURNER, Judge pro tem.
This is a suit by Bertucci Bros. Construction Company against the Succession of V. J. Mitchell on a claim for rental equipment allegedly rented to V. J. Mitchell during his lifetime and used on a dirt-moving project of the United States Corps of Engineers. Plaintiffs claim the sum of $180.23, a loan from Anthony Bertucci to V. J. Mitchell, plus the sum of $2,155 for moving of their equipment to the job site, and $8,039.05 for the rental of their equipment, making a total of $10,374.28. Plaintiffs’ petition alleged the following facts as set out in paragraphs 5, 6 and 7:
“V.
“That in April, 1959, it was agreed between plaintiff and V. J. Mitchell, that V. J. Mitchell would bid the job known as the Ramah Bayou Sorrel Lock Levee Restoration job then being advertised for contract by the United States Engineers, and if awarded the job, plaintiff and V. J. Mitchell would then do the job together in the following manner.
“VI.
“Plaintiff would furnish one drag-line and two (2) tractors for the job together with other incidental equipment needed and asked for by V. J. Mitchell; that V. J. Mitchell would furnish the balance of the equipment; out of the proceeds of the job, plaintiff and V. J. Mitchell would each receive rental on their respective equipment, the amount of rental to be figured in accordance with the AED Equipment Rental Rates.
“VII.
“That V. J. Mitchell did put in a bid on the job and was awarded the contract. Thereafter, plaintiff and V. J. Mitchell further agreed that Anthony J. Bertucci, a member of plaintiff partnership, would supervise the work, and in consideration thereof, V. J. Mitchell would pay to' plaintiff, one-half of the net profits realized from the job, to be paid upon completion of the job.”
Defendants answered and generally denied the allegations of the plaintiffs’ petition, and, among other defenses, alleged that the agreement between V. J. Mitchell and plaintiffs was in the nature of a joint venture.
On the trial of the case both members of the plaintiff partnership, Anthony and Charles Bertucci, testified contrary to the allegations contained in paragraphs 5, 6 and 7 of their petition. Counsel for plaintiffs asked the court for leave to amend. Whereupon, the judge of the lower court asked counsel for the defendants if he had any objection to the amendment. Counsel stated that he did object. The court ruled:
“You are safeguarded by your objection. I will permit him to amend. *677 If I am wrong the appellate court will say so. I want it to see what transpired here, because I don’t want the case to come back on this particular question.”
Whereupon counsel for plaintiffs offered the amendment which reads as follows:
“That V. J. Mitchell did put in his bid on the job and was awarded the contract. Thereafter Anthony Bertuc-ci further agreed with V. J. Mitchell that he would supervise the work on the Bayou Sorrel job and in consideration thereof V. J. Mitchell would pay to Anthony Bertucci individually, one-half Q/2) of the net profits realized from the job, to be paid upon completion thereof.”
which amendment was oral but dictated into the record and appears in the transcript of evidence which is before us. The court, despite defendants’ objection, admitted the amendment. The trial was continued to its conclusion and a judgment was rendered in favor of plaintiffs in the amount prayed for, less the $180.23 mentioned in Article XII of plaintiffs’ petition. From that judgment defendants have appealed.
A comparison of the demands of plaintiffs before and after the amendment clearly shows that the substance of their demand has been materially changed. Under the Code of Practice of 1870, Arts. 170 and 171, all pleadings in civil actions in courts of record were required to be in writing. Sharp v. Sharp, 228 La. 89, 81 So.2d 820. This requirement was carried over into the LSA-Code of Civil Procedure in Article 852. It is therefore our opinion that the objection of the defendants to the allowance of the amendment was timely, proper and protected their rights in the matter as stated by the trial judge and should be sustained.
In the case of Caddo Parish School Board v. Pyle, La.App., 30 So.2d 349, a similar situation arose, and the plaintiff in that case, as here, dictated an amendment into the record. The Court of Appeal, Second Circuit, held that such an amendment was improper and remanded the case to the district court for a new trial. The court in that case stated that the amendment to the petition involved the substance of the suit which is the situation in the case before us. It held that the amendment in such a case should be accorded the same dignity as was accorded the written petition, that is, by reducing it to writing, having the plaintiff verify it[1] and having it served upon defendant or his counsel of record so that answer thereto could be made if defendant so desired. Of course, in the present case no service was made and certainly counsel for defendants did not waive service but made his objection a matter of record. The cited case was a summary process involving the right to have an injunction issue to eliminate smoke and other noxious odors and matters from a sawmill adjoining a grammar school. The expediency of the matter was urged upon the court, but in answer thereto the court had this to say:
“ * * * We are concerned with his right to be served with an amendment in the form prescribed by law.”
The court further pointed out the possibility that should the case be decided against the defendant, which was the result in this case, an action of nullity possibly would be open to the defendant as no valid judgment can be rendered in a case without service according to law. LSA-C.C.P. art. 1312.
Article 1154 of the LSA-Code of Civil Procedure provides that the judge may render a judgment in conformity with the evidence regardless of the issues raised but not in the face of an objection such as appears in this case.
For these reasons, we think the ruling of the lower court was erroneous and that *678 the judgment should be set aside and the case remanded to the district court for further proceedings in accordance with the views herein expressed.
Judgment set aside; remanded.

. Under the Code of Civil Procedure verification is no longer necessary.