DENNIS, Judge.
The appellant in this case, Travis H. Kilpatrick, is seeking a declaratory judgment against his grandchildren decreeing that they cannot represent their deceased *674 father in the succession of their grandmother, Edith Lusk Kilpatrick. The court below sustained defendants’ exception of no cause of action. The case hinges ultimately on the question of whether, in a civil suit, a person may be “convicted of having killed . . . the deceased” as provided by Civil Code Article 966, in order to have him declared an unworthy heir.
The facts alleged in the petition are: Edith Lusk Kilpatrick died of gunshot wounds inflicted by her son, Harold Kilpa-trick, who died shortly after his mother. Julia Lynnette Pickett, David S. Kilpatrick and Toni K. Kilpatrick, the grandchildren which petitioner seeks to have declared unworthy of inheriting from the succession of Edith Lusk Kilpatrick, are the children and heirs of Harold Kilpatrick.
Article 966 of the Civil Code, m pertinent part, provides:
“Persons unworthy of inheriting, and, as such deprived of the successions to which they are called, are the following:
1. Those who are convicted of having killed, or attempted to kill, the deceased; and in this respect they will not be the less unworthy, though they may have been pardoned after their conviction.”
* -x- * * * *
The issue presented here has been resolved in previous decisions by this court and the Louisiana Supreme Court. In order to have a person declared unworthy of inheriting under Civil Code Article 966(1), it must be proven that he was convicted in a prior criminal proceeding of killing or attempting to kill the deceased, and the death of the heir before he is convicted of such a crime precludes any declaration of unworthiness. Succession of Medica, 163 So.2d 425 (La.App.2d Cir. 1964). Accordingly, the fact of a prior criminal conviction must be alleged in order to state a cause of action under the provision. Sharp v. Sharp, 228 La. 89, 81 So.2d 820 (1955). In the instant case the petition alleged that Harold Kilpatrick died shortly after killing his mother, but failed to set forth the essential allegation that he had been convicted of the crime before his own death. Therefore, the trial judge correctly held that the petition failed to state a cause of action.
The judgment of the District Court sustaining the exception of no cause of action is affirmed at the cost of the appellant.
Affirmed.