471 So.2d 980 (1985)
Felicia R. BURBANK Wife of/and Joseph Burbank
v.
William LEBEOUF, Julien Barrilleaux, Ronald Babin.
No. CA 84 0635.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
*981 Harry T. Hardin, III, Metairie, for plaintiff for Felicia R. Burbank et al. appellant.
Gordon Crawford, Gonzales, for defendant for Julien Barrilleaux and Ronald Babin appellee.
Peter Dazzio, Baton Rouge, for defendant for William LeBeouf appellee.
Paul Bonin, New Orleans, for plaintiff Felicia Burbank.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
Plaintiffs-appellants, Felicia R. Burbank and her husband, Joseph Burbank, appeal from a jury verdict rendered in favor of defendants-appellees, The Continental Insurance Company, William LeBeouf, Julien Barrilleaux, and Ronald Babin. Plaintiffs instituted suit for damages for personal injuries Mrs. Burbank allegedly sustained on March 28, 1983, while she was employed as a sales clerk at LeBeouf's Five and Dime Store, Inc. (LeBeouf's). Plaintiffs sued the owner, Mr. LeBeouf and the manager and the assistant manager, Mr. Barrilleaux and Mr. Babin, respectively, under the executive officer liability theory.[1]
Mrs. Burbank was injured while discarding and replacing outdated dress patterns in a three-drawer filing cabinet approximately 36 inches tall. The cabinet tipped over against Mrs. Burbank, resting finally on her foot. Mrs. Burbank's foot was injured, and she subsequently claimed that the accident also caused injury to her back. Defendants contended at trial that they were not negligent, that Mrs. Burbank was contributorily negligent[2], and that there was no causal connection between the accident and Mrs. Burbank's back problems. The jury returned a general verdict in favor of defendants. On appeal, plaintiffs contend that the jury was manifestly erroneous in not finding the defendants liable.[3]
The main thrust of plaintiffs' case was the testimony of their safety expert, John Petre. Mr. Petre testified that the insertion of a bolt through the filing cabinet wall to attach it to another cabinet would have prevented the accident. However, on cross examination, Mr. Petre admitted that although he had gone to LeBeouf's to examine the filing cabinet, he performed no physical tests to determine what type of pressure would cause the cabinet to fall. He also did not check the weight or balance of the subject cabinet, nor did he perform tests to ascertain how many drawers needed to be opened on the cabinet before it would tip over. When questioned as to why he did not perform any tests, Mr. Petre stated that he did not feel that he should touch someone else's property.
*982 Mrs. Burbank testified that when the accident occurred, she was replacing the patterns and that the middle and top drawers of the filing cabinet were open. Plaintiffs' safety expert, Mr. Petre, testified that having more than one drawer open at a time was an unsafe practice, and in that sense Mrs. Burbank's actions could be considered to have contributed to the accident.
The store manager, Mr. Barrilleaux, testified that Louella Daigle, a long-time employee of LeBeouf's, was in charge of training other employees in discarding and replacing the old patterns in the cabinet. Ms. Daigle testified that she had physically demonstrated to Mrs. Burbank the method of working the patterns. Ms. Daigle noted that there was no reason to have more than one filing drawer open. Ms. Daigle also stated that if Mrs. Burbank did have more than one drawer open, then she was not performing her job in accordance with the way Ms. Daigle had shown her.
Although Mrs. Burbank's injury occurred on March 28, 1973, there is no indication that she complained of her back until April 15, 1973, even though she had seen at least two doctors during that time period. The weight of the medical testimony indicates that Mrs. Burbank's physicians found it difficult to relate the accident of March 28, 1973, to the complaint of back pain on April 15, 1973.
Although the jury verdict was general, there is sufficient evidence in the record to support the jury's finding for defendants, either based on a lack of negligence on the part of defendants, or based on contributory negligence on the part of Mrs. Burbank. The trier of fact, actually hearing and observing the witnesses give live testimony, is in a better position to evaluate credibility than a reviewing court on the intermediate level, which at best can only study the written words of a cold record. Kikendall v. American Progressive Ins. Co., 457 So.2d 53 (La.App. 1st Cir.1984). After a careful review and evaluation of the record, we are convinced that the jury was not clearly wrong in finding for defendants. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Accordingly, for the above and foregoing reasons, the judgment of the trial court instituting the jury verdict is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] Acts 1976, No. 147, § 1 amended LSA-R.S. 23:1032 to prohibit suits against executive officers. The effective date of this act was October 1, 1976. The accident occurred on March 28, 1973, and is not, therefore, governed by the amendment. See Green v. Liberty Mutual Insurance Company, 352 So.2d 366 (La.App. 4th Cir. 1977), writ denied, 354 So.2d 210 (La.1978).
[2] At the time of the accident, contributory negligence was a complete bar to a plaintiff's recovery. Acts 1979, No. 431, § 1, effective August 1, 1980, amended LSA C.C. arts. 2323 and 2324 to implement a system of comparative negligence.
[3] Plaintiffs-appellants specified as error the granting and the failure to grant certain jury instructions by the trial court. However, these contentions were not briefed and are therefore considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.