504 So.2d 1044 (1987)
A.F. BLAIR COMPANY, INC.
v.
K. Gerald HAYDEL, M.D., and American Bank and Trust Company.
No. 85 CA 1453.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Ralph D. Hillman, Thibodaux, for plaintiff and appellant-A.F. Blair Co. Inc.
Edmund McCollam, Houma, for defendant and appellee-K. Gerald Haydel, M.D.
Philip E. Henderson, Houma, for defendant and appellee-American Bank & Trust Co.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
By letter dated June 28, 1982, A.F. Blair Company, Incorporated (Blair) offered to construct a field house at the Imperial Racquet Center for Dr. K. Gerald Haydel, M.D. for the proposed construction cost of $874,126. Blair also offered to Haydel the option to withhold the standard 10% retainage for one year after substantial completion. American Bank and Trust Company of Houma agreed to supply the interim financing for the project. By letter dated August 11, 1982, Blair was notified that American Bank had agreed to provide financing for the project.
*1045 Several changes were authorized by Haydel during construction which resulted in a completed construction cost of $986,408.33. A certificate of substantial completion was issued as of June 14, 1983. A total of $815,559 was paid to Blair pursuant to the construction contract. Blair subsequently instituted this action against Haydel and American Bank for the balance.
Trial on the merits was held on March 4 and 5, 1985. Haydel filed bankruptcy proceedings after trial on the merits but before judgment was rendered, therefore, the proceedings against Haydel were stayed. Judgment was rendered in favor of defendant, American Bank, and against Blair. From this judgment Blair appeals. The only issue on appeal is whether American Bank should be held liable to Blair for the balance under the terms of the commitment letter issued by American Bank to Blair.
At issue is a letter dated August 11, 1982, from American Bank to Blair which reads in pertinent part: "Please be advised that American Bank has approved a loan to K. Gerald Haydel, M.D. for whom you will perform services. The loan is sufficient in amount to satisfy the contract between the parties...."
American Bank contends that it agreed to loan ninety percent of the original construction contract costs to Haydel. It had not agreed to loan money to cover the 10 percent retainage fee nor the cost of any potential change orders to the construction contract. Blair, on the other hand, alleges that it interpreted American Bank's August 11, 1982, letter to mean that American Bank had agreed to loan Haydel sufficient funds to cover 100% of the original contract ($874,126) as well as sufficient funds to cover the costs resulting from any amendments to the original construction contract (which subsequently amounted to $112,282).
The trial court found that American Bank and Haydel entered into a contract by which American Bank agreed to loan Haydel $786,713.40 (90% of the original construction contract). Blair, as third party beneficiary to the contract, could only enforce the contract entered into between American Bank and Haydel which was 90% of the original construction contract. American Bank discharged that obligation; therefore, Blair had no further recourse against American Bank under the third party beneficiary contract.
After reviewing the record we find that the trial court correctly concluded that Blair is the third party beneficiary of the contract between American Bank and Haydel. Jim Walter Corp. v. Laperouse, 196 So.2d 539 (La.App. 3d Cir.1967). As such, Blair's right of recovery under the contract is subject to the terms and conditions of the contract entered into by American Bank and Haydel. See Pelican Well & Tool Supply Co. v. Johnson, 194 La. 987, 195 So. 514 (1940).
In interpreting a contract the court must determine the common intent of the parties (Haydel and American Bank). La.C.C. art. 2045. Haydel was a director of American Bank. Pursuant to federal regulations, any bank loan to a director must be approved by the board of directors. Mr. William W. Parker, Senior Vice-President of American Bank, testified that for this particular project, the maximum amount of credit for which Haydel applied was $786,713.40. Minutes of American Bank's Board of Directors' meeting of August 10, 1982, indicate that Haydel requested approval of a loan in the amount of $786,713.40 for the purpose of interim construction financing. From the minutes of this meeting and from the testimony adduced at trial it is apparent that the board wanted the loan limited to $786,713.40 because much discussion was held concerning whether the loan, if granted, would be adequately secured and whether Haydel would be able to repay the loan. Additionally, both Parker and Haydel testified that Haydel notified Parker of the additional construction costs towards the end of construction and both men were aware that any additional sums loaned by American Bank would require the approval of the board. The board, however, refused to grant approval of additional funding of the project.
*1046 After reviewing the record, we find that the trial court was not clearly erroneous in determining that Haydel and American Bank contracted to arrange financing in the amount of $786,713.40 and not for 100% of the original construction contract or for any additional construction costs of the project. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). American Bank has fully performed under the contract, therefore, Blair has no further recourse against American Bank as third party beneficiary.
Blair may have an action against American Bank for detrimental reliance. In written reasons for judgment the trial court stated: "Even if the Court were to agree with plaintiff that the bank was negligent in issuing the letter and that plaintiff relied on the letter to their detriment, no remedy would exist under contract. Plaintiff's remedy for negligence would be in tort. Plaintiff has not filed a tort suit." The court refused to consider the issue of Blair's reliance on the August 11, 1982, letter from American Bank.
Louisiana has adopted the fact theory of pleading. La.C.C.P. arts. 854, 862, 891. As stated by the Louisiana Supreme Court: "So long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence; the `theory of the case' is abolished as a pleading requirement or restriction." Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848, 855 (La.1974). (emphasis original).
After reviewing the record, we find that Blair has alleged facts sufficient to state a claim in detrimental reliance. The petition alleges that Blair commenced construction and subsequently agreed to the changes requested by Haydel in reliance on the August 11, 1982, letter. The testimony presented at trial was conflicting on issues relative to Blair's alleged reliance on the August 11, 1982 letter, and whether such reliance, if any, was justified. The trial court had the opportunity to observe the demeanor of the witnesses and assess their credibility. However, the trial court made no factual or legal determinations of these issues.
An appellate court has the discretion to determine whether a first-hand view of the witnesses is essential to a fair resolution of the issues. Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707 (La.1980). Although the record is complete, we find that a determination of these issues should be made by the trial judge who had the opportunity to observe the demeanor of the witnesses and to assess their credibility. Accordingly, we remand this case for further proceedings in accord with the views expressed in this opinion.
For the foregoing reasons the judgment of the trial court is reversed in part, affirmed in part, and remanded. Costs of this appeal are assessed against appellee.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.