SHORTESS, Judge.
A.F. Blair Company, Inc. (plaintiff), a general contractor, filed suit against K. Gerald Haydel (Haydel) and American Bank & Trust Company (defendant) for the balance due under a contract whereby plaintiff agreed to construct a field house for Imperial Racquet & Health Center in Houma. The original contract price was $874,126.00, but after various change orders were made, the final price was $986,-408.33. Plaintiff was only paid $815,559.00 and brought suit to enforce his rights against Haydel and defendant.
After trial on the merits but before judgment was rendered, Haydel filed for bankruptcy and the proceedings against him were stayed. The trial court rendered judgment in favor of defendant. Plaintiff appealed, contending defendant should be held liable under the terms of a commitment letter issued by it. This court found that the trial court correctly held that defendant and Haydel entered into a contract wherein defendant agreed to loan Haydel $786,713.40 (90% of the original construction contract); that plaintiff, as third party beneficiary to the contract, could enforce only the contract between defendant and Haydel; and that plaintiff had no further recourse against defendant because it had discharged that obligation. This court further found, however, that the trial court erred in refusing to consider plaintiff’s detrimental reliance claim. Since it required a credibility determination which had not been made by the trial court, we remanded for a determination of the detrimental reliance issue.[1]
Three essential elements must be proven to prevail on a claim for detrimental reliance:
1. a representation by action or word;
2. justifiable reliance on the representation; and
3. a change in position to one’s detriment because of the reliance.
First Federal Savings & Loan v. American Bank & Trust Co., Coushatta, 461 So.2d 341 (La.App. 2d Cir.1984); Confederate Welding & Safety Supply v. Bank of the Mid-South, 458 So.2d 1370 (La.App. 2d Cir.1984), writ denied, 462 So.2d 1264 (La.1985). The trial judge, on remand, found that plaintiff had not proven any of these elements. Plaintiff has brought this appeal.
Plaintiff’s detrimental reliance claim is based on a letter from William Parker, defendant’s loan officer, in which Parker stated: “The loan is sufficient ... to satisfy the contract between the parties.... ” Plaintiff contends it interpreted this language to mean the bank would extend financing to Haydel to cover 100% of the contract price, including any change orders. However, Parker testified that he had a telephone conversation with A.F. Blair subsequent to the date of the letter, in which they discussed Haydel’s loan. Parker testified he told Blair that the bank’s loan was for only $786,713.00 and that the bank provided only interim financing. Blair testified that he spoke with Parker but that he did not remember being advised of the limitation on the bank’s commitment. The trial court, on remand, found that Parker was the more credible witness and that plaintiff had failed to prove its detrimental reliance claim.
The trial court stated that even if the letter was a representation, plaintiff had failed to prove justifiable reliance on the representation; and that plaintiff could not be justified in relying on the letter when it had been informed of the limitation by Parker. The trial court’s finding that there was no justifiable reliance is based on a credibility determination. This case was *1024 remanded so that such a credibility determination could be made.
Credibility evaluations in the face of conflicting testimony are the province of the trier of facts, and an appellate court may not reverse them in the absence of manifest error. Burbank v. LeBeouf, 471 So.2d 980 (La.App. 1st Cir.1985). We cannot say the trial court was manifestly erroneous in finding that Parker was a more credible witness, nor can we say that the trial judge was clearly wrong in finding that plaintiff failed to prove detrimental reliance. Thus, the decision of the trial court must be affirmed.
For the foregoing reasons, the judgment of the trial court in favor of American Bank & Trust Company and against A.F. Blair Company, Inc., dismissing plaintiff’s suit against defendant, is affirmed at plaintiff’s cost.
AFFIRMED.

. A.F. Blair Co. v. Haydel, 504 So.2d 1044 (La. App. 1st Cir.1987).