NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-612

CHARLES LEE JOHNSON, ET UX.

VERSUS

BROOKSHIRE GROCERY COMPANY
D/B/A SUPER ONE FOODS

**********

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, CITY COURT NO. 106,440
HONORABLE RICHARD E. STARLING, JR., JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir and
Billy Howard Ezell, Judges.

AFFIRMED.

David A. Hughes
Hughes Law Firm
P. O. Box 1831
Alexandria, LA 71309-1831
(318) 443-4090
Counsel for Defendant/Appellant:
        Brookshire Grocery Company
        d/b/a Super One Foods

**Ronald Glen Beard**
**Beard & Beard, LLC**
**P.O. Box 12982**
**Alexandria, LA 71315**
**(318) 445-5648**
**Counsel for Plaintiffs/Appellees:**
    **Bobby Johnson**
    **Charles Lee Johnson**

**DECUIR, Judge.**

In this slip and fall case, Brookshire Grocery Company appeals a judgment rendered in favor of the plaintiff, Charles Johnson. Brookshire contends the trial court erred in finding that the plaintiff had met his burden of proof under La.R.S. 9:2800.6. Finding no manifest error in the judgment of the trial court, we affirm.

## FACTS

It is undisputed that Charles Johnson slipped and fell in cooking oil spilled on the floor of Brookshire's store in Alexandria, Louisiana. It is also undisputed that Brookshire had notice of the spill because its employees had taken some action to clean up the spill at the time Johnson fell. The primary dispute is whether Brookshire's employees properly marked or barricaded the site so as to adequately warn Johnson of the hazard. The trial court weighed the testimony of the witnesses and concluded that Johnson had not been verbally warned of the danger and had not gone around any barricades to enter the area where he fell.

## BURDEN OF PROOF

Brookshire contends that Johnson failed to carry his burden of proof under La.R.S. 9:2800.6.

Louisiana Revised Statutes 9:2800.6 provides, in relevant part:

> A.    A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

> B.    In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

In the present case, the evidence clearly establishes that there was a cooking oil spill that created an unreasonable risk of harm and was reasonably foreseeable. Likewise, it is undisputed that Brookshire had notice of the spill. Thus, the only element of proof in dispute is whether Brookshire exercised reasonable care in dealing with the spill. The trial court concluded that Johnson was not verbally warned, the aisle was not barricaded, and the warning cones were not placed in such a way as to adequately warn Johnson of the danger. We find no manifest error in these conclusions or the finding that Brookshire failed to exercise reasonable care.

**DAMAGES**

Brookshire also contends that the trial court's award of $25,000.00 in general damages is excessive. We disagree.

The standard of review to determine whether a trial court erred in awarding damages is set forth in *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied,* 510 U.S. 1114, 114 S.Ct. 1059 (1994). The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. *Id.* at 1260. When the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the

2

particular injury to the particular plaintiff under the particular circumstances, the appellate court should increase or reduce the award. *Id.* In determining whether a particular determination is reasonable, we are aware that "[t]he trier of fact, actually hearing and observing the witnesses give live testimony, is in a better position to evaluate credibility than a reviewing court on the intermediate level, which at best can only study the written words of the cold record." *Burbank v. LeBeouf,* 471 So.2d 980, 982 (La.App. 1 Cir. 1985).

In this case, the trial court found that the seventy-nine-year-old Johnson suffered a torn rotator cuff and would likely experience pain for at least one year as a result of the injury. After reviewing the record, we find no abuse of discretion in the trial court's award of damages.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to Brookshire Grocery Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

3