338 So.2d 1215 (1976)
Alcide HANKS, Plaintiff and Appellant,
v.
Theresa MELANCON, Defendant and Appellee.
No. 5687.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1976.
Edwards, Stefanski & Barousse by Jean Pierre Lendais, Crowley, for plaintiff-appellant.
McBride & Brewster by Robert R. McBride, Steven J. Dupuis, Lafayette, for defendant-appellee.
Before CULPEPPER, WATSON and HUMPHRIES, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries. The plaintiff was riding a bicycle along the side of a highway. Defendant *1216 motorist approached from the rear. Plaintiff contends defendant negligently signaled him to turn left across the highway in front of her. While crossing the highway, plaintiff was struck by another vehicle which was passing defendant from the rear. Daniel Mire, the driver of the passing vehicle, is a third party defendant.
The district judge decided that even assuming defendant signaled plaintiff to cross, plaintiff was contributorily negligent in not seeing the passing vehicle. From a judgment rejecting his demands, plaintiff appealed.
The substantial issue is whether plaintiff's failure to see the passing vehicle constitutes contributory negligence, barring plaintiff's recovery.
The evidence shows that on July 3, 1974 at about 5:00 p.m., the plaintiff, a 63 year old man, rode his bicycle from his house to his mail box to pick up a newspaper. After reaching the mail box, plaintiff decided to ride his bicycle a short distance on Highway 724, which runs north and south in front of his house. Highway 724 is straight and has two lanes and a blacktop surface in the area where the accident occurred.
In a deposition which was offered into evidence at trial, plaintiff gave the following account of the accident: While riding his bicycle along the right side of the south bound traffic lane, plaintiff looked over his shoulder and saw a slowly moving "pickup truck" driven by a woman approaching him from the rear. Upon seeing the truck, the plaintiff stopped pedaling his bicycle and began pushing himself along slowly with his right foot while remaining seated on the bicycle. The driver of the truck then signaled him to cross in front of her by moving her right arm from right to left in front of her face. When this signal was given, the truck was practically stopped or barely rolling at a distance of about 24 feet behind plaintiff. In response to the signal, plaintiff looked in both directions and crossed the south bound lane in front of the truck. Plaintiff stopped at the center line of the road, looked to the north and south for traffic, and began crossing the north bound traffic lane. While crossing the north bound lane, plaintiff was struck and very seriously injured by a vehicle driven by Daniel Mire, the third party defendant in this suit. Mire was traveling south in the north bound lane in an attempt to pass defendant's slowly moving vehicle.
Hanks stated in his deposition that even though he looked north and south when he reached the center of the road, he did not see the Mire vehicle until he heard the screech of its tires immediately before the impact. Plaintiff admitted that there was nothing to prevent his seeing approaching traffic when he stopped at the center line and looked in both directions.
At trial, plaintiff modified his description of the accident by testifying that he did not stop at the center line of the highway, but instead attempted to cross both lanes without stopping.
Defendant testified that she saw plaintiff pedaling his bike on the edge of the road in the same direction that she was driving her 1973 Nova, not a pickup truck. She was aware that the Mire vehicle was about to overtake and pass her. She reduced her speed to permit the overtaking vehicle to pass before she reached plaintiff, her purpose being to avoid crowding either the bicycle or the passing car. As the Mire vehicle passed to her left, plaintiff turned left in front of her and proceeded across the south bound lane and into the north bound lane where the accident occurred. There was no impact with defendant's vehicle.
Defendant denied signaling plaintiff to cross in front of her, and stated that plaintiff did not look back at any time immediately prior to crossing the road.
The trial judge did not decide the factual issue of whether defendant signaled plaintiff to cross the road. The trial judge did, however, determine that (1) defendant stopped at the center line of the road and looked in both directions before proceeding into the other lane and (2) that from the center line Hanks was in as good a position to see the approaching Mire vehicle as was the defendant. On the basis of these facts, *1217 the trial court held that even if defendant did signal plaintiff across, plaintiff was contributorily negligent.
Bicycle riders on Louisiana highways are subject to the same duty applicable to the drivers of motor vehicles. LSA-R.S. 32:194. It follows that a bicyclist on a highway, as a motorist, has a never-ceasing duty to keep a proper lookout at all times. A bicyclist, as a motorist, must be certain, before executing a left turn, that the turn can be made without danger from normal overtaking or oncoming traffic. LSA-R.S. 32:104A; Cormier v. Sinegal, 180 So.2d 567 (La.App.3rd Cir. 1965).
Plaintiff had two opportunities to observe the approach of the Mire vehicle. The first was when he looked north and south before crossing defendant's traffic lane, and the second was before entering the other traffic lane. It is fundamental that failure to see that which should or could be seen is negligence. Plaintiff's failure to observe the Mire vehicle on either of these two occasions constitutes contributory negligence under the circumstances of this case.
The thrust of plaintiff's argument is that defendant's signal relieved him from his statutory duty to observe the Mire vehicle. Even assuming, for the sake of argument, that the defendant did negligently signal plaintiff to cross the road in front of her, and that this signal was a legal cause of the accident, we nevertheless find plaintiff is barred by his own contributory negligence.
A signal from another motorist does not relieve a driver from a statutory duty to make his own independent observation of traffic conditions. Trinity Universal Insurance Company v. Nicholson, 104 So.2d 244 (La.App.2d Cir. 1958); Allstate Insurance Company v. Employers Liability Assurance Corporation, 98 So.2d 852 (La.App.2d Cir. 1957). See also 90 A.L.R.2d 1431, et seq. for cases from other states. Applying this rule to the present case, and assuming defendant gave plaintiff a signal to cross the road, this did not relieve plaintiff of the statutory duty to observe for both oncoming and overtaking traffic before turning left across the highway. LSA-R.S. 32:104 A provides that no motorist shall turn right or left upon a roadway until the movement can be made with reasonable safety. Clearly, plaintiff violated this statutory duty.
Furthermore, there is no merit in plaintiff's argument that he is relieved of the duty to see the approaching Mire vehicle because the Melancon vehicle obstructed his view. In the first place, the strict duty of observation imposed on a left-turning motorist required that plaintiff wait if his view was obstructed. In the second place, the facts show that plaintiff probably could have seen the Mire vehicle before he started his turn, and he certainly could have seen it when he reached the center of the highway.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
WATSON and HUMPHRIES, JJ., concur in the result.