SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his suit against Louisiana Power and Light Company (LP&L) on this defendant’s motion for a summary judgment.
Plaintiff brought this suit for damages arising out of an accident in which his minor son Michael was injured. The allegations of the petition are as follows: Michael had been riding his bicycle with some friends on another bicycle on the left side of a two-lane highway when he was confronted by a utility pole in the shoulder ahead of him. There was an approaching automobile, operated by Mrs. Montelius, whose lights began blinking, whereupon Michael went around the pole on the highway side and was forced into the pole by the Monteli-us automobile, resulting in a collision in which Michael was injured. Negligence was attributed to Mrs. Montelius, the Highway Department and LP&L, the latter’s consisting of its installing a utility pole on the highway right-of-way or in close proximity to the highway “knowing full well that there was no sidewalk in said area and that pedestrians and/or cyclists would be pushed into said utility pole in the event of two-way traffic” on the highway. LP&L was also negligent in failing to install reflectors or warning devices on the pole.
The depositions of Michael LeBouef along with his friends Karl Oubre, operating the other bicycle, and Dale Haydel, who was riding on Karl’s handle bars, and Mrs. Mon-telius were taken. Photographs were also filed in the record by LP&L and plaintiff.
The uncontradicted facts are that the area was in darkness but that the pole was illuminated by the street light mounted on it. The photographs show that there was a sidewalk running along the highway divided from the highway by a shoulder. The pole was located immediately adjacent to the sidewalk with an undetermined width of the shoulder running to the asphalt of the highway. Oubre and Haydel testified that both of the bicycles had been proceeding along the sidewalk when Michael drove *334 onto the shoulder to go around the pole. Michael testified that he had been riding along the shoulder as he approached the light pole. His testimony as to the details of the accident was rather vague, but to the effect that the pole was lighted and he knew it was there from previous experiences of riding his bicycle. But he did not remember whether or not he noticed the pole on this occasion before Mrs. Montelius’ automobile approached and her lights flashed.
A motion for summary judgment shall be rendered if there is no genuine issue as to material fact. LSA-C.C.P. Art. 966. The only issue of fact which emerges in any way from the depositions is whether Michael was riding on the sidewalk as he approached the utility pole or on the shoulder, but in either case we fail to see how this fact is material to the issue of LP&L’s liability. In the first place, plaintiff has cited no statute which was violated by the position of this pole. Secondly, Michael was in violation of R.S. 32:197 in that he was not riding on the right side of the highway and did not take advantage of the “usable path for bicycles” which was provided in the form of a sidewalk. Thirdly, the facts of the accident as established by the depositions demonstrate that it happened because Michael unnecessarily placed himself in close proximity to the highway when he elected to travel on the shoulder between the pole and the highway rather than on the sidewalk which was available to him.
We have concluded that this case is appropriate for a summary judgment in accordance with Cosse v. Schwegmann Brothers Giant Supermarkets, 336 So.2d 1074 (La.App. 4th Cir. 1976) and Continental Casualty Company v. McClure, 313 So.2d 260 (La.App. 4th Cir. 1975), in that LP&L filed depositions which had the effect of shifting the burden to Michael to establish that there was some factual dispute that LP&L’s negligence caused this accident or suffer the possibility of a summary judgment.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.