STOKER, Judge.
This is an action for personal injuries and property damages growing out of a collision between a bicyclist and a motor vehicle. The plaintiff, Keith W. Bird (Bird), was the bicyclist. Richard W. Black (Black) was following Bird driving a 1979 Toyota. The trial court found both parties negligent and rejected all claims. International Indemnity Company, Black’s collision insurer, reconvened for Black’s collision damages but did not appeal from the trial court’s rejection of its subrogation claim. The only appeal is that of the plaintiff, Bird. We affirm.
Bird was riding his bicycle northerly on Williams avenue in Natchitoches, Louisiana, at 3:15 PM on June 15,1979. Bird was being followed by Black who sought to pass Bird. The accident occurred in the left (southbound) lane as Bird attempted to make a left turn. The trial court rejected Bird’s trial testimony to the effect that he gave a left turn signal after having noting Black’s approach from the rear and upon further concluding that it was safe to execute the left turn. Instead, the trial court accepted statements given by Bird prior to trial that he did not see the Black vehicle, he did not know where the Black vehicle came from and did not see it until he was hit.
The trial court also concluded that Black was “traveling at an excessive rate of speed under the prevailing circumstances and that had he been traveling at a lesser speed he could have avoided the collision caused by the negligent acts of Mr. Bird.”
Our review of the record reveals no manifest error in the trial court’s conclusions, and it cannot be said that he was clearly wrong in concluding that Bird and Black were guilty of concurrent negligence which caused the accident.
Appellant Bird urges certain jurisprudence as showing he was not guilty of negligence which barred his recovery. He cites Adams v. Travelers Indemnity Co., 277 So.2d 685 (La.App. 2nd Cir.1973) for the proposition that he could assume Black would comply with the law and that a left turning motorist is not contributorily negligent when he collides with a vehicle attempting to pass within one-hundred feet of an intersection in violation of LSA-R.S. 32:76. The Adams case is distinguishable. In fact, contributory negligence on the part of the plaintiff Adams does not appear to have been an issue in the case. Moreover, the Adams case reiterates the well established rule that the left turning motorist “must ascertain in advance that the turn can be made without endangering normal overtaking or oncoming traffic,” and the “giving of a signal is not the only burden placed on the motorist for he must, in addition, check the rear immediately before the turn is attempted to ascertain whether it can be executed safely.”
Bird also relies on the concurring opinion in Fontenot v. American Fidelity Fire Insurance Co., 386 So.2d 165 (La.App. 3rd Cir.1980). That case involved a motorist who struck a boy on a bicycle riding on a sidewalk at the site of a service station as the motorist attempted to turn right from the highway into the service station premises. The majority in Fontenot held that the accident was caused by the sole fault of the motorist and held that the plaintiff bicyclist was not guilty of contributory negligence.
Our distinguished colleague, Judge Foret, agreed with the result in Fontenot but disagreed with the holding on the contributory negligence issue. Judge Foret took the position that where there is a collision between a motorist and a bicycle, the responsibilities and duties of the bicyclist should be equated to those of a pedestrian as set forth in Baumgartner v. State Farm Mutual Auto. Ins. Co., 356 So.2d 400 (La.1978). Baumgartner abolished the defense of contributory negligence in pedestrian-motorist cases. We do not need at this time to address that issue and the views of our distinguished brother because we do not feel that we are faced with a situation within the ambit of risks contemplated by Baumgartner.
We hold that a person riding on a bicycle in a roadway, using the roadway on the same manner and mode as a motorist, has the same obligations and duties as that *1282 of a motorist. This is a matter of statutory provision which has been firmly applied in jurisprudence. LSA-R.S. 32:194; Hanks v. Melancon, 338 So.2d 1215 (La.App. 3rd Cir. 1976) and Ardoin v. State Farm Mutual Automobile Ins. Co., 205 So.2d 632 (La.App. 3rd Cir.1967).
Plaintiff-appellant urges that as stated in Hanks v. Melancon, supra, a bicyclist like a motorist must ascertain whether a left turn may be safely made without “danger from normal overtaking or oncoming traffic.” Appellant further urges that, because of its speed, the Black vehicle was not a normal overtaking vehicle. We do not find the evidence of speed of Black’s vehicle (which is not exceptionally graphic or specific) is convincing that the vehicle was not “normal” in the context in question. The situation was not such as to convince us that Bird was relieved of his duty to make certain he could make his left turn maneuver.
Finally, plaintiff-appellant invokes the doctrine of last clear chance. In this regard Bird failed to bear the burden of proof in establishing the essential elements necessary to bring the doctrine into application. Jackson v. Watson, 360 So.2d 582 (La.App. 4th Cir.1978).
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
FORET, J., concurs in the result.