PER CURIAM.
Plaintiff filed suit alleging damages in excess of $75,000 and expressly demanded a trial by jury. Plaintiff subsequently filed an amending petition reducing her demand to the sum of $19,832.20, just below the jurisdictional amount required for a jury trial under LSA-C.C.P. Art. 1732(1). See Act 766 of 1987. Several days later the plaintiff filed a motion seeking to withdraw her request for trial by jury which was granted by the trial court. Louisiana Farm Bureau Casualty Insurance Company timely filed a motion for a trial by jury which was denied by the trial court. LSA-C.C.P. Art. 1733.
Our law does not contenance procedural maneuvers designed solely for the purpose of depriving a litigant of a right to a jury trial on the basis of jurisdictional amount. Cuny v. Guidry, 520 So.2d 1131 (La.App. 3rd Cir.1987). We find that the plaintiffs amendment and subsequent withdrawal of her request for trial by jury was a procedural maneuver designed to deprive the defendants of a right to a trial by jury. We conclude that Louisiana Farm Bureau must not be prejudiced by plaintiffs withdrawal of her request for a jury trial and cannot be deprived of their right to timely request a trial by jury. See Cages v. Ragusa, 336 So.2d 904 (La.App. 4th Cir.1976). Therefore, for these reasons and considering the particular circumstances of this case, we conclude that the trial court erred in denying Louisiana Farm Bureau’s request for a trial by jury, therefore the ruling is reversed and set aside.
WRIT GRANTED: IT IS ORDERED that the trial court vacate, annul and set aside its ruling denying defendant’s request for trial by jury. It is also ordered that the trial court grant Louisiana Farm Bureau’s request for trial by jury and allow the defendant to post their jury cost bond.