847 So.2d 784 (2003)
Karl D. CONRAD
v.
CITY OF NEW IBERIA.
No. CA 03-0121.
Court of Appeal of Louisiana, Third Circuit.
June 4, 2003.
*785 John Blackwell, Attorney at Law, New Iberia, LA, for Plaintiff/Appellee, Karl D. Conrad.
J. Scott Thomas, Baton Rouge, LA, for Defendant/Appellant, City of New Iberia.
*786 Court composed of SYLVIA R. COOKS, OSWALD A. DECUIR, and MARC T. AMY, Judges.
DECUIR, Judge.
In this slip and fall case, the City of New Iberia appeals a judgment of the trial court finding it liable for damages sustained by Karl Conrad. For the reasons that follow, we affirm the judgment of the trial court.

FACTS
Karl Conrad lives at 112 Dalton Drive in New Iberia. Dalton Drive is a two-lane concrete city street which is drained by catch basins and drain pipes underneath the neutral ground. There are no sidewalks on Dalton Drive. The front of Conrad's property is completely blocked by hedges, trees, ground cover and an iron mailbox, leaving the driveway as the only means of ingress and egress. As a result, Conrad was immediately aware when, in March or April of 2000, the street in front of his driveway began to sink causing rainwater to accumulate. The water would stand the full width of his driveway at a depth of two to three inches. Even when the water evaporated, dirt and silt would remain leaving the area slippery.
On June 14, 2000, Conrad went in person to the City of New Iberia's maintenance facility and reported the problem. Later that day, Kim Sheppard, a city employee went to inspect the problem. He recommended that a catch basin be installed. Sheppard's supervisor, Mark Delcambre, refused to approve the recommendation noting in his records that the problem was "nuisance water-no action needed."
Two weeks later, Conrad returned to the facility to report the problem, and a catch basin was approved by Joe Boles, Director of Public Works for the City of New Iberia. Mr. Boles testified, however, that the job was placed on a low priority list. No evidence was introduced to establish how jobs are ranked or that there actually was such a ranking procedure.
On August 1, 2000, Conrad was returning to his home from the home of a sick neighbor. Stepping in the standing water at the foot of his driveway, he slipped and fell sustaining serious injuries. Conrad filed suit to recover for his injuries. After trial on the merits, the trial judge rendered judgment awarding $150,000.00 in general damages, $30,355.99 in medical expenses and apportioning fault 90% to the City of New Iberia and 10% to Conrad. The City of New Iberia lodged this appeal.

LIABILITY
The City of New Iberia contends that the trial court erred in finding that the defect created an unreasonable risk of harm and that the City of New Iberia had a reasonable opportunity to remedy the defect. We disagree.
As noted by the trial court:
In order for the City of New Iberia to be found liable for his injuries, plaintiff must prove that 1) the thing which caused the damage was in the custody of the defendant; 2) the thing contained a defect which created an unreasonable risk of harm to the plaintiff; 3) the defective condition of the thing caused the plaintiff's injuries; and [4]) defendant had actual or constructive notice of this defective condition and had a reasonable opportunity to remedy the defect, and failed to do so. Maxwell v. Board of Trustees for State Colleges & Universities, [96-1207 (La.App. 3 Cir. 3/19/97), 692 So.2d 641, writ denied, 97-0996 (La.6/13/97) ], 695 So.2d 987; Odom v. State, Dept. of Transp. and Development, [96-1605 (La.App. 3 Cir. 9/25/96) ], *787 688 So.2d 1082 [writ denied 96-2574 (La.1/24/97), 686 So.2d 858].
The City of New Iberia asserts error with regard to elements three and four. Appellate review of a trial court's factual findings is limited by the manifest error rule. Stobart v. State, Through Dept. of Transportation and Development, 617 So.2d 880 (La.1993).
With regard to the existence of a defect that constituted an unreasonable risk of harm, the trial court noted that the City of New Iberia, through its employees, recognized the existence of the defect and issued an order for its repair. The City of New Iberia argues that even if a defect exists, the property owner only owes a duty to keep the premises in a safe condition for use in a manner consistent with the purposes for which it is intended. Amest v. City of Breaux Bridge, 01-1034 (La.App. 3 Cir. 12/12/01), 801 So.2d 582. The City argues that Dalton Drive is a city street intended for vehicular traffic and was safe for its intended purpose. The trial court however, specifically noted the lack of sidewalks on Dalton Drive and the fact that Conrad had no other means of ingress or egress which would avoid the water or remaining silt. We note that the unreasonable character of a defect must be decided on the particular facts and circumstances of each case. Boddie v. State, 27,313 (La.App. 2 Cir. 9/27/95), 661 So.2d 617. After carefully reviewing the evidence in this case, we find no manifest error in the trial court's determination that a defect existed which constituted an unreasonable risk of harm.
The City next argues that the trial court erred in finding that it had a reasonable opportunity to correct the defect. The trial court was faced with evidence that a crew was working in the area a short time before the accident, testimony regarding the City of New Iberia's alleged priority system, and the repair of the defect shortly after the accident. Striking the balance between this contradictory evidence is the primary purview of the trial court. Accordingly, after careful consideration of the evidence presented, we find no manifest error in the trial court's determination that the City of New Iberia had a reasonable opportunity to remedy the defect.

ALLOCATION OF FAULT
The trial court concluded that the City of New Iberia was ninety percent at fault, and plaintiff, Karl Conrad, was ten percent at fault. The City of New Iberia contends this allocation of fault was erroneous.
Causation and apportionment of fault are questions of fact, and the fact finder's determinations should not be overturned absent a showing of manifest error. Williams v. Allstate, 599 So.2d 478 (La. App. 3 Cir.1992). We are further mandated to view the evidence in the light most favorably supporting the trial court judgment. Rosell v. ESCO, 549 So.2d 840 (La. 1989). If the trial court's determination is reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id.
In determining percentages of fault cast, if any, the trier of fact should consider both the nature of the conduct of each party and the extent of the causal relation between the conduct and the damages claimed. Tenpenny v. Ringuet, 95-1036 (La.App. 3 Cir. 3/6/96), 670 So.2d 644, writ denied, 96-0880 (La.5/17/96), 673 So.2d 612. After reviewing the record, we find no manifest error by the trial court in its allocation of fault.

*788 MEDICAL EXPENSES
The City of New Iberia contends the trial court erred in awarding $30,355.99 in medical expenses where some of that expense was paid by medicare. We disagree.
The City of New Iberia argues that this court should not follow the precedent set in its previous finding in Brannon v. Shelter Mut. Ins. Co., 520 So.2d 984 (La.App. 3 Cir.1988), because the law has evolved since that date and the second and fourth circuits have declined to follow it. See Suhor v. Lagasse, 00-1628 (La.App. 4 Cir. 9/13/00), 770 So.2d 422; Terrell v. Nanda, M.D., 33-242 (La.App. 2 Cir. 5/10/00), 759 So.2d 1026. This court recently had an opportunity to address the evolution of the law in this area and emphatically stated, "In Brannon v. Shelter Mut. Ins. Co., 520 So.2d 984 (La.App. 3 Cir.1987), we held the collateral source rule applies to Medicare payments. We find the appellant's argument clearly supported by the jurisprudence and order the award for medical expenses increased to $6,617.08." Trueman v. City of Alexandria, 01-1130, p. 8 (La.App. 3 Cir. 5/15/02), 818 So.2d 1021, 1026, writ granted, 02-2166 (La.11/15/02), 829 So.2d 410. Accordingly, we find no error in the trial court's award of medical expenses in this case.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, the City of New Iberia.
AFFIRMED.
AMY, J., dissents and assigns written reasons.
AMY, J., dissenting.
I respectfully dissent from the majority decision, as I find a reversal is required. My review of the record indicates that the plaintiff failed to prove the presence of a defect creating an unreasonable risk of harm. Even in the presence of a defect, the unreasonable risk of harm analysis "requires a `balance of the intended benefit of the thing with its potential for harm and the cost of prevention.'" McGuire v. New Orleans City Park Imp. Ass'n., 02-1401, p. 7 (La.1/14/03), 835 So.2d 416, 421, quoting, Pitre v. Louisiana Tech Univ., 95-1466, 95-1487 (La.5/10/96), 673 So.2d 585. See also Boyle v. Board of Super'rs, 96-1158 (La.1/14/97), 685 So.2d 1080; Maxwell v. Board of Trustees, 96-1207 (La.App. 3 Cir. 3/19/97), 692 So.2d 641, writ denied, 97-0996 (La.6/13/97), 695 So.2d 987. According to the record, the specific type of pooling of water complained of in this case is common throughout the City. This particular puddle was not found to be out of the ordinary by City employees. Nor was it found to be an emergency. Furthermore, according to McGuire, we must consider the condition's "obviousness" and "apparentness." Of particular importance given the facts of this case, is the supreme court's statement in McGuire, 02-1401, p. 7; 835 So.2d at 421 that: "If the facts demonstrate that the complained of condition was obvious to all, the condition is not unreasonably dangerous and the defendant owes no duty to the plaintiff." The plaintiff's awareness of the condition in the instant matter is undisputed. Having considered the record in light of the supreme court's instruction as to the unreasonable risk of harm analysis, I conclude that the imposition of liability against the City was manifestly erroneous.