STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-686


AARON SMITH, BY NEXT OF FRIEND

VERSUS

ALEXANDRIA COCA COLA BOTTLING CO., LTD.


**********


APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-97-083
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE


**********


OSWALD A. DECUIR
JUDGE


**********


Court composed of John D. Saunders, Oswald A. Decuir, and Glenn B. Gremillion, Judges.


**REVERSED AND RENDERED.**


David K. Persons
Hailey, McNamara, Hall, Larmann
  & Papale, L.L.P.
P.O. Box 8288
Metairie, LA 70011-8288
(504) 836-6500
Counsel for Defendant/Appellee:
      Ouachita Coca-Cola Bottling, Inc.

J. Craig Jones
Jones & Hill, LLC
131 Hwy 165 South
Oakdale, LA 71463
(318) 335-1333
Counsel for Plaintiff/Appellant:
      Alvin R. Smith, Sr.
      Aaron Smith

**Craig R. Hill**
**Jones & Hill, LLC**
**P.O. Box 1260**
**Oberlin, Louisiana 70655**
**Counsel for Plaintiff/Appellant:**
>       **Alvin R. Smith, Sr.**
>       **Aaron Smith**

**DECUIR, Judge.**

Both parties appeal the trial court's apportionment of fault in this case involving injuries sustained while using a vending machine. For the reasons that follow, we reverse and render.

## FACTS

On August 31, 1996, eleven year old, Aaron Smith, was given four quarters to purchase colas for himself and his father from a Coca-Cola vending machine located in the laundry room of the apartment complex where the family lived. Aaron was familiar with the machine, and knew that it sometimes took money without dispensing a cola. He had also been instructed not to put his hand in the machine, but instead to tell his father so that they could be reimbursed. Nevertheless, Aaron put fifty cents in the machine and heard a buzzing sound, but received no cola. He then stuck his left arm up into the machine to shoulder depth. Subsequently, the machine pinched Aaron's thumb rendering him unable to extract his arm. The exact mechanics of how his thumb became stuck was a matter of speculation at trial.

After some time, another child heard Aaron yelling and reported his predicament to Aaron's father, Alvin Smith. Alvin tried to free Aaron, but was unable to do so. He then inserted an additional fifty cents in the machine and pressed a button. Rather than freeing Aaron, this resulted in the machine intensifying its hold. Police, fire department personnel, and a locksmith were summoned and some four hours later they were able to free Aaron.

Aaron was taken to the emergency room for treatment and later two physicians recommended exploratory surgery. The surgery was done and revealed no permanent defect, and after six weeks of restriction from physical education class, Aaron was released and future treatment was not indicated. Aaron, at the time of trial,

complained of gripping problems and burning, but these subjective complaints do not seem to have hindered his physical activity.

The trial court found Aaron sixty percent at fault in causing his injury and Alexandria Coca Cola Bottling, Co. Inc, the owner of the vending machine, forty percent at fault. On March 2, 2005, the trial court entered judgment awarding Aaron $4,000.00 in general damages and $3,484.85 in special damages, both sums already reduced by Aaron's proportion of fault. In addition, the trial court assessed court costs including a $1,000.00 expert witness fee under the same percentages utilized to apportion fault. Both parties appeal the judgment of the trial court.

### APPORTIONMENT OF FAULT

Plaintiff contends that the trial court erred in apportioning sixty percent fault to Aaron in light of his tender years and the allegedly missing or damaged exclusion devices on the vending machine. Plaintiff argues that Aaron should be assessed with no more than ten percent fault. Alexandria Coca Cola counters that Aaron is one hundred percent at fault because the evidence failed to establish a defect in its machine or its awareness of a problem.

Causation and apportionment of fault are questions of fact, and the fact finder's determinations should not be overturned absent a showing of manifest error. *Williams v. Allstate Ins. Co.,* 599 So.2d 478 (La.App. 3 Cir. 1992). The task of the appellate court is to determine if the trial court's findings are reasonable in light of the record reviewed in its entirety. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

In determining percentages of fault cast, if any, the trier of fact should consider both the nature of the conduct of each party and the extent of the causal relation between the conduct and the damages claimed. *Tenpenny v. Ringuet*, 95-1036 (La.App. 3 Cir. 3/6/96), 670 So.2d 644, *writ denied*, 96-0880 (La. 5/17/96), 673

2

So.2d 612. After reviewing the record, we find the trial court erred in its allocation of fault.

It is evident from the record that, though young, Aaron had been instructed not to try to get a drink if the machine took his money. However, it is also clear from the record that the machine was damaged in such a way that it failed to prevent Aaron from being injured and that Alexandria Coca Cola knew or should have known of the defect. Thus, we are faced with a corporate entity whose machine was designed with at least two devices to prevent the type of accident at issue. That same entity was charged with knowledge that not one but both of these devices were damaged and would not operate as intended. Moreover, Coca Cola was aware that the machine was operating in a manner that invited the very response that Aaron chose and the machine was designed to prevent. Namely taking money from customers without dispensing a product. Despite these factors, the trial court allocated 60% fault to an eleven year old who did not contemplate the extent of the danger, and 40% to Coca Cola whose corporate knowledge of the danger had engendered safety design features on the machine. Under the circumstances, we find the trial court's allocation of fault to be manifestly erroneous. Based on the evidence, we find the proper allocation of fault to be 60% to Coca Cola and 40% to Aaron.

## DAMAGES

Plaintiff contends the trial court's award is abusively low. We disagree.

The standard of review to determine whether a trial court erred in awarding damages is set forth in *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994). The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier

3

of fact. *Id.* at 1260. When the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances, the appellate court should increase or reduce the award. *Id.* In determining whether a particular determination is reasonable, we are aware that "[t]he trier of fact, actually hearing and observing the witnesses give live testimony, is in a better position to evaluate credibility than a reviewing court, which at best can only study the written words of the cold record." *Burbank v. LeBeouf*, 471 So.2d 980, 982 (La.App. 1 Cir. 1985).

After reviewing the record and considering the cases cited by both parties, we find no abuse of discretion in the trial court's award of damages. However, as we have found that the trial court improperly allocated fault, we reverse the judgment of the trial court and enter judgment as described below.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed. It is hereby ordered and decreed that judgment be entered in favor of Aaron Smith as follows:

| | |
|---|---|
| General Damages | $6,000.00 |
| Special Damages | $5,227.28 |

Court costs at the trial court including expert witness fees of $1,000.00 are taxed 60% to defendant and 40% to plaintiff.

All costs of these proceedings are taxed to the defendant.

**REVERSED AND RENDERED.**

4